NATHANIEL CARR *vs.* EBENEZER HODGE.

Suffolk.   Nov. 17. — Dec. 27, 1880.   LORD & SOULE, JJ., absent.

A mortgage of a vessel contained the condition that the mortgage should be void on payment of a certain sum, and an agreement that the mortgagor would procure insurance on the property, and, on failure to do so, that the mortgagee might procure such insurance at the expense of the mortgagor.   Insurance was procured, the mortgagee indorsing the note of the mortgagor for the premium, which note the mortgagee paid after protest.   *Held,* on a bill in equity by a subsequent mortgagee to redeem the first mortgage, that the first mortgagee was entitled to have repaid the amount paid for insurance, as well as the amount due on the sum for which the mortgage was given.

BILL IN EQUITY, by the owner of two mortgages on twenty-two twenty-fourths of a steamboat, to redeem a prior mortgage thereon.   The case was referred to a master, whose report stated the following facts:

On July 18, 1878, H. L. Bachelder, the owner of twenty-two twenty-fourth parts of the steamboat James A. Gary, being indebted to the defendant for a boiler put into the steamboat, delivered to him, in part payment therefor, two promissory notes, one for $1370.25, payable in three months, and the other for $1377, payable in four months; and, as security therefor, executed and delivered to him a mortgage on his interest in the steamboat, containing the following condition: "Now the condition of this obligation is, that if the said H. L. Bachelder shall pay, or cause to be paid, to the said Ebenezer Hodge, the sum of $2747.25, and interest thereon, on or before the expiration of four months from the date hereof, then this obligation to be void; otherwise, to be and remain in full force and virtue."   The mortgage also contained the following clause: "And it is hereby further agreed and understood, that insurance shall be made at some office in         on the said twenty-two twenty-fourths for the security of the said loan to an amount not less than the sum loaned as aforesaid; and the said Ebenezer Hodge is hereby authorized to procure such insurance at the expense of the said H. L. Bachelder, if not seasonably obtained by the said H. L. Bachelder."   This mortgage was duly recorded.

At the time of the delivery of the notes and mortgage, and as part of the same transaction, the defendant signed and delivered

to Bachelder the following paper writing: "Boston, July 18, 1878. This is to certify that H. L. Bachelder has given to me this day a mortgage on the steamer James A. Gary for $2747.25, as collateral for two notes given me by him; and said mortgage to be null and void when said notes, aggregating $2747.25, are paid. Ebenezer Hodge." This paper was given for identifying the notes secured by the mortgage.

Bachelder, being unable, or finding it difficult, to obtain insurance, so stated to the defendant's agent, who introduced him to an insurance agent, and the latter procured insurance on the vessel, payable in case of loss to the defendant, by a policy dated July 17, 1878. In payment of the premium, Bachelder gave his own note, indorsed by the defendant. This note was paid by the defendant at maturity, after protest.

There is now due on the notes given by Bachelder to the defendant the sum of $100.10; and the defendant paid, on account of the premium note, $422.54, amounting in all with interest to $550.90.

The case was heard on the master's report, before *Morton*, J., who ordered a decree to be entered that, on the plaintiff paying, within thirty days, $550.90, together with interest from the date of the master's report, and costs, the defendant should discharge the mortgage.

The plaintiff appealed to the full court.

*C. A. Batchelder & F. T. Benner*, for the plaintiff. By the condition of the mortgage, it was to be void on payment of the amount secured thereby. The agreement in regard to insurance was a collateral agreement, and not a condition. On payment of the sum for which the mortgage was given as security, the mortgagee would not be entitled, as against the mortgagor, to retain the vessel for the money paid for insurance.

The relation between a mortgagor and mortgagee is simply one of contract, and not that of trustee and *cestui que trust*. If, therefore, nothing is said in a mortgage about insurance, the mortgagee cannot charge money paid for insurance to the mortgagor, nor has the mortgagor, in case of loss, any interest in money paid the mortgagee by an insurance company. *King* v. *State Ins. Co.* 7 Cush. 1, 6. *Dobson* v. *Land*, 8 Hare, 216. *Bellamy* v. *Brickenden*, 2 Johns. & Hem. 137. The parties may

make what contract they please. They may make the property a pledge for the repayment of insurance premiums, or not, as they see fit. In this case the latter course has been followed.

The defendant was only collaterally liable, as indorser for the payment of the insurance; and a collateral liability cannot be added to the mortgage debt. *Doyle* v. *White*, 26 Maine, 341.

The fact that the policy of insurance is dated the day before the mortgage shows that the policy was not effected in pursuance of the agreement in the mortgage.

*N. Morse & H. G. Allen,* for the defendant.

ENDICOTT, J. In this case, no exceptions were taken to the master's report; and the only question before us is whether, upon the findings of the master, the presiding judge was justified in entering a decree that the plaintiff should pay the defendant the sum of $550.90, in order to obtain the discharge of the mortgage. This amount includes the balance due on the notes secured by the defendant's mortgage, and also the sum paid by the defendant for insurance on the steamboat. The plaintiff now makes no question as to the balance due upon the notes; but contends that he is not bound to account to the defendant for the money paid by him in effecting insurance upon the vessel.

It appears by the master's report that Bachelder, the owner of the steamboat, was indebted to the defendant in the sum of $2747.25, for a boiler built by him and put into the steamboat; and, on July 18, 1875, Bachelder gave to the defendant two notes, one for $1370.25 and the other for $1377, and Bachelder gave as security therefor, on the same day, a mortgage on his interest in the steamboat, which was duly recorded.

The mortgage does not refer to the notes, but secures the payment of the amount of the notes, viz. $2747.25. It contains an express provision that insurance shall be obtained on Bachelder's interest in the steamboat to an amount not less than the loan of the defendant to him; and the defendant is authorized, if such insurance is not seasonably obtained by Bachelder, to procure it at his expense. The master has found that the insurance was effected by the defendant, and a policy was issued to

Bachelder, payable to the defendant in case of loss. The premium note signed by Bachelder and indorsed by the defendant was not paid at maturity, and, having been duly protested, was paid by the defendant. It sufficiently appears from the master's report that this insurance was obtained in conformity with the agreement of the parties recited in the mortgage. It therefore becomes immaterial that the policy was dated the day before the mortgage.

The defendant is clearly entitled, as against Bachelder, to be reimbursed the sum so paid by him before he can be required to discharge the mortgage. If there had been a loss, the money received on the policy by the defendant would have enured to the benefit of Bachelder, and would have reduced his debt to the defendant *pro tanto*. *Fowley* v. *Palmer*, 5 Gray, 549. The defendant is equally entitled in equity to be reimbursed, as against the plaintiff, who, as holder of subsequent mortgages on the steamboat, seeks by this bill to redeem the defendant's mortgage.

The writing given by the defendant to Bachelder with the mortgage, certifying that the mortgage was given as collateral security for the two notes, and that the mortgage would be null and void when the notes were paid, does not necessarily change the express provisions of the mortgage in regard to insurance. The mortgage made no mention of the notes, and the master has found that " the paper was given for the purpose of identifying the notes secured by the mortgage; " and to that finding no exception is taken.　　　　　　　　　　*Decree affirmed.*